UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SCOTT A. HAYCRAFT,          )
                            )
        Plaintiff,          )
                            )
    vs.                     )      16-CV-3247
                            )
JAMES VAZZY, *et al.*,      )
                            )
        Defendants.         )

MERIT REVIEW ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

The plaintiff, proceeding pro se, files this lawsuit pursuant 42 U.S.C. § 1983 alleging that Montgomery County jail officials have delayed administration of previously prescribed medications, delayed medical treatment for a broken collar bone, and have refused to provide medical treatment following an incident where he was sexually assaulted. The plaintiff alleges he was housed in a "drunk tank" for two weeks without running water or the ability to flush stool down the toilet. The plaintiff also alleges that the food has mouse droppings in it, that he was served chips with spit on them, and that the jail officials' reliance on other inmates to deliver food sometimes resulted in food not reaching his cell.

Since the plaintiff was a pretrial detainee at the Montgomery County Jail, his constitutional rights are derived from the Due Process Clause of the Fourteenth Amendment. See *e.g., Kingsley v. Hendrickson*, --- U.S. ----, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims

1

arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation.' " *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005) *quoting Henderson v. Sheahan,* 196 F.3d 839, 845 n.2 (7th Cir. 1999).

The plaintiff states a claim for deliberate indifference to a serious medical need for the delay in administering prescribed medications and treating his broken collar bone, and refusal to provide medical treatment after he was sexually assaulted.   The plaintiff also states a conditions-of-confinement claim for his two-week stay in the "drunk tank." *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (To state a conditions-of-confinement claim, the plaintiff must allege that he suffered a sufficiently serious deprivation and that jail officials were deliberately indifferent to a serious risk of harm).   Plaintiff will have to identify those jail officials responsible for the actions that he alleges.

The plaintiff's allegations that the food was poorly prepared, contained foreign objects, or was served cold are not sufficient to state a claim.   *See Drake v. Velasco*, 207 F.Supp.2d 809, 812 (N.D. Ill. 2002).   The plaintiff's claim for the alleged double-celling of inmates is insufficient to state a claim, unless jail officials knew that his alleged sexual assailant posed a significant risk of harm to plaintiff.   The Court will dismiss these claims, without prejudice, and give plaintiff an opportunity to replead these claims with more specificity.

IT IS THEREFORE ORDERED that:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment due process claim for deliberate indifference to a serious medical need and conditions of confinement against the named defendants.

2. If plaintiff wishes to proceed on his claims of failure to protect and failing to provide him with a nutritionally inadequate diet, he must file an amended complaint within thirty (30) days.   The plaintiff must specifically allege how his constitutional rights were violated and who was responsible for the alleged deprivation.   Any amended complaint must contain all claims against all defendants.   Piecemeal complaints are not permitted.

3. This case is now in the process of service.   The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.   The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4. The court will attempt service on the defendants by mailing each defendant a

waiver of service.   The defendants have 60 days from the date the waiver is sent to file an answer.   If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.   After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.   Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.   A motion to dismiss is not an answer.   The answer should include all defenses appropriate under the Federal Rules.   The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.   In general, an answer sets forth the defendants' positions.   The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.   Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.   The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.   However, this does not apply to discovery requests and responses.   Discovery requests and responses are not filed with the clerk.   The plaintiff must mail his discovery requests and responses directly to defendants' counsel.   Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.   Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.   Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.   The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

13. Plaintiff's motion for counsel (#6) is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 29th day of September, 2016.

**/s/ Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE